UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Number: 07-106 |
| | : | |
| v. | : | Count One |
| | : | 18 U.S.C. § 371 |
| | : | (Conspiracy) |
| **MARK DENNIS ZACHARES,** | : | |
| | : | |
| Defendant. | : | |

FILED
APR 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, Mark Dennis Zachares, agree as follows:

1. The defendant is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily and truthfully admits the facts contained in the Factual Basis for Plea (Attachment A), which is incorporated by reference herein.

3. The defendant agrees to waive indictment and plead guilty to the charge contained in the Information, specifically one count of conspiracy to violate the following federal law in violation of 18 U.S.C. § 371: honest services wire fraud, in violation of Title 18 U.S.C. §§ 1343 and 1346. The defendant admits that he is guilty of this crime, and the defendant understands that he will be adjudicated guilty of this offense if the Court accepts his guilty plea.

4. The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalty for violating the law specified in the Information is five years of imprisonment, a fine of $250,000 or not more than the greater of twice the gross gain or twice the gross loss, and a mandatory special assessment of $100. The defendant understands that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583, and that if the Court imposes a term of supervised release and the defendant violates the terms of his release, then the defendant may be sentenced to not more than an additional two years in prison. The authorized term of supervised release for the count in the Information is not more than three years. The defendant also understands that the Court may impose restitution as well as costs of incarceration, supervision and prosecution.

5. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for any crimes established by the facts described in the Factual Basis (Attachment A) or disclosed in debriefing sessions with the United States on or before March 5, 2007. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

6. The defendant understands and agrees that federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory U.S. Sentencing Guidelines in effect at the time of the sentencing in determining a reasonable sentence. Defendant also understands that sentencing is within the discretion of the Court

and that the Court is not bound by this agreement. Defendant understands that facts that determine the offense level will be found by the Court at sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as provisions or stipulations in this plea agreement. Both parties agree to recommend that the advisory sentencing guidelines should apply and the final United States Sentencing Guidelines range of imprisonment as calculated herein provides for a reasonable sentence. Defendant further understands the obligation of the United States to provide all relevant information regarding the defendant, including charged and uncharged criminal offenses, to the United States Probation Office.

7. Except to the extent it would be inconsistent with other provisions of this agreement, the United States and the defendant reserve, at the time of sentencing, the right of allocution, that is the right to describe fully, both orally and in writing, to the Court the nature, seriousness and impact of the defendant's conduct related to the charges against him or to any factor lawfully pertinent to the sentence in this case. The United States will also advise the Court of the nature, extent and timing of the defendant's acceptance of responsibility. The defendant further understands and agrees that in exercising this right, the United States may solicit and make known the views of the law enforcement agencies which investigated this matter.

8. The defendant and the United States agree to recommend that the advisory United States Sentencing Guidelines ("U.S.S.G.") apply based upon the facts of this case. Specifically, the parties agree to make a non-binding recommendation to the Court as follows:

a. The parties agree that the 2003 Sentencing Guidelines Manual (in effect through November 1, 2004) governs the guidelines calculation in this case. All references in this agreement to the U.S.S.G. refer to that manual.

b. The parties agree to recommend that the base offense level applicable to the defendant's offense conduct is level 10 based on U.S.S.G. § 2C1.7.

c. The parties agree that an eight-level upward adjustment applies for an offense involving an official holding a high-level decision-making or sensitive position (resulting in a total offense level of 18).

d. As indicated above, the United States agrees that it will recommend that the Court reduce by three levels the sentencing guideline applicable to the defendant's offense, pursuant to U.S.S.G § 3E1.1, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this recommendation if any of the following occurs: (1) defendant fails or refuses to make a full, accurate and complete disclosure to this office or the Probation Office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) defendant is found to have misrepresented facts to the United States prior to entering this plea agreement; (3) defendant commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) defendant fails to comply with the terms of this plea agreement.

  e. The defendant understands that his Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office. The defendant acknowledges that the United States has not promised or agreed that the defendant will or will not fall within any particular criminal history category and that such determinations could affect his guideline range and/or offense level as well as his final sentence.

9. The defendant and the United States agree that neither party will seek or advocate for or suggest in any way an adjustment to or a departure or variance from the Sentencing Guidelines other than those explicitly set forth in this agreement or for a sentence outside of the range determined to be applicable under the advisory Sentencing Guidelines, provided that those guidelines are calculated as set forth above. In the event that the defendant breaches any term of the plea agreement, the United States may move for enhancements or upward departures based on any grounds the United States deems appropriate.

10. The parties agree that U.S.S.G. § 5E1.2 states that the Court shall impose a fine, unless the Court finds that the defendant is unable to pay a fine.

11. The defendant agrees to cooperate fully in this and any other case or investigation with attorneys for the United States of America, and federal and state law enforcement agencies by providing truthful and complete information, evidence and testimony, if required, concerning any matter. The defendant understands that if he makes material false statements intentionally to law enforcement, commits perjury, suborns perjury,

obstructs justice, or commits any other crime, he may be found to have breached this agreement, and nothing in this agreement precludes the United States of America or any other law enforcement authority from prosecuting him fully for those crimes or any other crimes of which he may be guilty and from using any of his sworn or unsworn statements against him. The defendant understands that this plea agreement is explicitly dependent upon his providing completely truthful testimony in any trial or other proceeding, whether called as a witness by the United States, the defense or the Court.

12. Further, in the event that the United States determines in its exclusive discretion that the defendant has fully complied with this agreement and provided "substantial assistance" to law enforcement officers in the investigation and prosecution of others, the United States agrees it will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. Such assistance by the defendant shall include his cooperation in providing truthful and complete testimony before any grand jury and at any trial as requested by the United States and in interviews by investigators. If the United States files a motion under U.S.S.G. § 5K1.1, both parties will have the right to present facts regarding the defendant's cooperation in any judicial district and to argue for the extent of the departure that is appropriate based on the defendant's cooperation. However, the defendant further understands that the decision whether to depart, and the extent of any departure for substantial assistance is the exclusive province of the Court.

13. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution the defendant may be ordered to pay. The defendant understands that the sentence in this case will be

determined solely by the Court, with the assistance of the United States Probation Office, and that the Court may impose the maximum sentence permitted by the law. The Court is not obligated to follow the recommendations of either party at the time of sentencing. The defendant will not be permitted to withdraw his plea regardless of the sentence recommended by the Probation Office or the sentence imposed by the Court.

14. The defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined and imposed, including on the grounds set forth in 18 U.S.C. § 3742, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

15. The defendant hereby expressly waives the right to contest the admissibility at plea or sentencing of any material based on an assertion of the Speech or Debate Clause of the U.S. Constitution, art. I, § 6, cl. 1, in exchange for the concessions made by the United States in this plea agreement.

16. If the defendant fails to enter a plea of guilty or otherwise comply with any of the terms and conditions set forth in this agreement, the United States may fully prosecute the defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

    a.    The United States may use any statement that the defendant made pursuant to previous proffer agreements or this agreement, including the statements made in the attached factual basis and/or during the plea colloquy, or any leads derived therefrom, and the defendant shall assert no claim under the United States Constitution, including under the Speech or Debate Clause, art. I, § 6, cl. 1, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that those statements should be suppressed, are inadmissible, or otherwise should not be used;

    b.    The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

    c.    The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

17.    If a dispute arises as to whether defendant has knowingly committed any material breach of this agreement, and the United States chooses to exercise its rights under Paragraph 16, at the defendant's request, the matter shall be submitted to the Court for its determination in an appropriate proceeding. At such proceeding, the defendant's disclosures and documents shall be admissible and the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

18.    The parties agree that if the Court does not accept the defendant's plea of guilty, then this agreement shall be null and void.

19. The defendant understands that the United States will offer to enter into a non-prosecution agreement with Cynthia Zachares in exchange for her full and complete cooperation, pursuant to which the United States will agree not to charge Cynthia Zachares with any offenses arising from facts disclosed at her interview on February 23, 2007, with the exception of perjury or false statements, if applicable. However, nothing in this agreement is intended to provide Cynthia Zachares with any limitation of liability arising out of any acts of violence.

20. The defendant understands that this agreement is binding only upon the Criminal Division of the United States Department of Justice. This agreement does not bind any other prosecutor's office or agency. It does not bar or compromise any civil claim that has been or may be made against the defendant.

21. This agreement and the attached Factual Basis for Plea (Attachment A) constitute the entire agreement between the United States and the defendant. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Department of Justice in connection with this case. This agreement may be amended only by a writing signed by all parties.

FOR THE DEFENDANT

Dated: 3-14-07

_____  
MARK DENNIS ZACHARES  
Defendant

_____  
EDWARD B. MACMAHON, JR., ESQ.  
Counsel for Defendant

FOR THE UNITED STATES

Dated: 3/14/07

EDWARD C. NUCCI
Acting Chief, Public Integrity Section

STEVEN A. TYRRELL
Acting Chief, Fraud Section

*/s/ Richard Pilger*

RICHARD C. PILGER
MATTHEW L. STENNES
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice